UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**UNITED STATES OF AMERICA,**

    v.                                                               1:11-CR-00533

**JEREMY ZIELINSKI,**

                    **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

The Court referred Defendant's Petition for a Writ of Habeas Corpus, dkt. # 42, and the U.S. Probation Department's Petition to Revoke Defendant's Term of Supervised Release, dkt. # 44, to the Hon. David E. Peebles, United States Magistrate Judge, for Report and Recommendation.[1] In his May 15, 2013 Report and Recommendation, dkt. # 76, Magistrate Judge Peebles recommends that:

    (1) Defendant's motion to reinstate his claim pursuant to 28 U.S.C. § 2255 be GRANTED;

    (2) Defendant's petition for modification of his supervised release conditions pursuant to 28 U.S.C. §§ 2241 and 2255, and 18 U.S.C. § 3583 be DENIED; and

    (3) The government's motion for revocation of the defendant's supervised release be GRANTED, and that the court exercise its sound discretion in determining the appropriate sanction to be imposed for that violation.

---

[1] The Court presumes familiarity with all prior proceedings related to this case, including the Summary Order of the United States Court of Appeals for the Second Circuit affirming this Court's February 8, 2012 judgment that imposed certain supervised release conditions on Defendant. See 03/07/13 Mandate, dkt. # 58.

Rep. Rec. p. 45.

Defendant objected to these recommendations. Dkt. # 80.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

With this standard in mind, and after reviewing Defendant's objections, the Court determines to adopt the recommendations for the reasons stated in Magistrate Judge Peebles' thorough report.

The majority of Plaintiff's objections, when boiled to their core, are that Magistrate Judge Peebles erred because he did not agree with Defendant's underlying proposition. That proposition being, essentially, that Defendant had the "right" stemming from his following of the Objectivisim philosophy to decide what protocol, if any, was required for his sex offender treatment program. For the factual and legal reasons so well examined, analyzed, and articulated in Magistrate Judge Peebles' Report and Recommendation, that proposition affords Defendant no relief. Most fundamentally, Magistrate Judge Peebles concluded that the sex offender program did not burden a sincerely held religious exercise, finding that Objectivism, as articulated by Defendant, it did not constitute a religion as that term is defined by relevant law. See Rep. & Rec. pp. 29- 39. The Court agrees with and adopts this conclusion.[2] Therefore, the Court rejects Defendant's objection number 6, and finds that objection numbers 1, 3, 4, 5, 7, & 8 are rendered academic and provide no basis for relief. Moreover, Defendant's objection number 2 is rejected inasmuch as there is no underlying violation of a fundamental right such to violate the International Covenant on Civil and Political Rights or "other binding international law." Finally, the Court adopts Magistrate Judge Peebles' conclusion that Defendant willfully

---

[2] The Court also agrees with and adopts Magistrate Judge Peebles' alternative analysis that, assuming *arguendo* that Defendant's beliefs related to Objectivism amount to a religion, "defendant has failed to establish, by a preponderance of the evidence, that the FMHA program substantially burdens his beliefs." Rep. & Rec. p. 39; see id. pp. 39-41.

refused to participate in the sex offender treatment program, disrupted the program, and was properly discharged from the program.  See Rep. & Rec. pp. 41-43. Therefore, the Court rejects Defendant's objection numbers 9 & 10.

## IV. CONCLUSION

For the reasons stated above, the Court rejects each of Defendant's objections, dkt. # 80, made to Magistrate Judge Peebles' May 15, 2013 Report and Recommendation. Further and as also stated above, the Court accepts and adopts the conclusions and recommendations made by Magistrate Judge Peebles in his May 15, 2013 Report and Recommendation, dkt. # 76, in their entirety.   Accordingly,

(1) Defendant's motion to reinstate his claim pursuant to 28 U.S.C. § 2255 is GRANTED;

(2) Defendant's petition for modification of his supervised release conditions pursuant to 28 U.S.C. §§ 2241 and 2255, and 18 U.S.C. § 3583, dkt. # 42, is DENIED; and

(3) The government's motion for revocation of Defendant's supervised release, dkt. # 44, is GRANTED, and the Defendant shall appear before the Court at a date to be determined by the Court for the purpose of deciding the appropriate sanction to be imposed for that violation.

**IT IS SO ORDERED.**

**Dated: June 11, 2013**

_____
Thomas J. McAvoy
Senior, U.S. District Judge